

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

FILED
VANESSA L. ARMSTRONG, CLERK

MAY 3 1 2019

U.S. DISTRICT COURT
WEST'N DIST. KENTUCKY

UNITED STATES OF AMERICA

v.

**JOSEPHINE M. CROWE**

INFORMATION

NO. 3:19-cr-95- JHm

18 U.S.C. § 981(a)(1)(C)
18 U.S.C. § 982(a)(2)
18 U.S.C. § 1028A(a)(1)
18 U.S.C. § 1344
28 U.S.C. § 2461

The United States Attorney Charges:

### COUNT 1
*(Financial Institution Fraud)*

1.      Beginning no later than January 2013, and continuing through on or about November 22, 2017, in the Western District of Kentucky, Jefferson County, Kentucky, and elsewhere, **JOSEPHINE M. CROWE**, the defendant, did knowingly execute and attempt to execute a scheme and artifice to defraud the Louisville Metro Police Officer's Credit Union (the "Credit Union"), the deposits of which were then and there insured by the National Credit Union Share Insurance Fund, and to obtain monies, funds, credits, and assets owned by and under the custody and control of the Credit Union by means of false and fraudulent pretenses, representations and promises.

2.      It was part of the scheme that **JOSEPHINE M. CROWE**, while employed as the Vice President of the Credit Union, stole cash from the Credit Union's vault and teller drawers. In order to compensate for this depletion of cash, and for the purposes of running the Credit Union's daily operations, **JOSEPHINE M. CROWE** engaged in various deceptive methods to obtain cash,

including (a) instructing Credit Union employees, members, and others to withdraw cash from an ATM using either a debit card she provided or the individual's personal debit card and return the cash to her for Credit Union operating needs; (b) obtaining credit card cash advances from members' credit cards; (c) wire transferring funds to external accounts at various other financial institutions and then obtaining cash from the transfer; and (d) recording fictitious, unauthorized loans and using the proceeds of these loans to issue an Official Check, which she directed individuals to cash at local pawn shops or financial institutions and to return the cash proceeds to her so that she could then place it in the Credit Union's vault and teller drawers.

3.      It was further part of the scheme that **JOSEPHINE M. CROWE** created hundreds of fictitious, unauthorized loans by generating fraudulent loan documents and agreements between the Credit Union and unwitting Credit Union members in order to cover up her theft of cash from the Credit Union's vault and teller drawers and to obtain funds owned by and under the custody and control of the Credit Union.  **JOSEPHINE M. CROWE** further created and used fictitious, unauthorized loans to generate proceeds that she used to make payments on legitimate loans that had outstanding balances at the Credit Union without the knowledge of the either the Credit Union member in whose identity she was creating the fictitious loan or the member for whose benefit the loan payment was being made.

4.      It was further part of the scheme that **JOSEPHINE M. CROWE** engaged in check kiting in order to conceal her thefts and creation of fraudulent loans at the Credit Union.  In the course of her check kiting activities, the defendant issued unauthorized Official Checks from certain members' accounts at the Credit Union and deposited those Official Checks into other members' accounts, all without the members' knowledge, and continued issuing new checks to cover insufficient funds notices on the original checks when she overdrew the members' accounts.

2

5.      It was further part of the scheme that **JOSEPHINE M. CROWE**, using her position and access as Vice President, manipulated the books and records of the Credit Union to conceal her thefts from the Credit Union and make it appear that the fraudulent loan agreements, related documents, and subsequently-generated loans were legitimate contracts and loans, including by deleting information from and adding false information to files, by manipulating the Credit Union's general ledger in various ways such as by performing fictitious cash withdrawals to lower the general ledger cash balance, and by manipulating members' account statements to conceal unauthorized changes she had made to the accounts.

6.      In the course of the scheme, **JOSEPHINE M. CROWE** misappropriated and caused the loss of over $3 million to the Credit Union by taking cash from the Credit Union's vault and teller drawers and by diverting Credit Union funds into bank accounts belonging to herself and various other individuals using fictitious, unauthorized loans.

7.      On or about September 15, 2016, for the purpose of executing and attempting to execute the above-described scheme and artifice to defraud, **JOSEPHINE M. CROWE** created a fictitious, unauthorized loan for $100,000 in the name of a member of the Credit Union ("Member 1") without the knowledge and consent of Member 1, collateralizing the loan with a certificate of deposit owned by Member 1. **JOSEPHINE M. CROWE** then deposited the loan proceeds, which were funds owned by and under the custody and control of the Credit Union and then and there insured by the National Credit Union Share Insurance Fund, into an account held by Member 1 at the Credit Union and, approximately fifteen days later, **JOSEPHINE M. CROWE** withdrew the entirety of the $100,000 loan proceeds from the account in the form of cash.

In violation of Title 18, United States Code, Section 1344.

The United States Attorney further charges:

COUNT 2

*(Aggravated Identity Theft)*

On or about September 15, 2016, in the Western District of Kentucky, Jefferson County, Kentucky, and elsewhere, **JOSEPHINE M. CROWE**, the defendant, did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, specifically the name, social security number, and date of birth of Member 1 of the Credit Union, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), namely a violation of Title 18, United States Code Section, 1344, as charged in Count 1, knowing that the means of identification belonged to another actual person.

In violation of Title 18, United States Code, Section 1028A(a)(1).

NOTICE OF FORFEITURE

If convicted of any violation of Title 18, United States Code, Sections 1344 and 1028A, as alleged in Counts 1 and 2 of this Information, **JOSEPHINE M. CROWE**, the defendant, shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds obtained, directly or indirectly, as the result of the violations, and any property used or intended to be used, in any manner or part, to commit or to facilitate the commission of such violations.

Pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(2), and Title 28, United States Code, Section 2461.

RUSSELL M. COLEMAN
UNITED STATES ATTORNEY

RMC:SMZ

4

**UNITED STATES OF AMERICA v. JOSEPHINE M. CROWE**

**P E N A L T I E S**

Count 1:  NM 30 yrs./$1,000,000/both/NM 3 yrs. Supervised Release
Count 2:  Man. 2 yrs. Consecutive/$250,000/both/NM 3 yrs. Supervised Release
Forfeiture

**N O T I C E**

**ANY PERSON CONVICTED OF AN OFFENSE AGAINST THE UNITED STATES SHALL BE SUBJECT TO SPECIAL ASSESSMENTS, FINES, RESTITUTION & COSTS.**

SPECIAL ASSESSMENTS

18 U.S.C. § 3013 requires that a special assessment shall be imposed for each count of a conviction of offenses committed after November 11, 1984, as follows:

|  |  |  |  |
|---|---|---|---|
| Misdemeanor: | $ 25 per count/individual | Felony: | $100 per count/individual |
|  | $125 per count/other |  | $400 per count/other |

FINES

In addition to any of the above assessments, you may also be sentenced to pay a fine. Such fine is due immediately unless the court issues an order requiring payment by a date certain or sets out an installment schedule.  You shall provide the United States Attorney's Office with a current mailing address for the entire period that any part of the fine remains unpaid, or you may be held in contempt of court.  18 U.S.C. § 3571, 3572, 3611, 3612

**Failure to pay fine as ordered may subject you to the following:**

1.  **INTEREST** and **PENALTIES** as applicable by law according to last date of offense.

    For offenses occurring after December 12, 1987:

    No **INTEREST** will accrue on fines under $2,500.00.

    **INTEREST** will accrue according to the Federal Civil Post-Judgment Interest Rate in effect at the time of sentencing.  This rate changes monthly.  Interest accrues from the first business day following the two week period after the date a fine is imposed.

    **PENALTIES** of:

    10% of fine balance if payment more than 30 days late.

    15% of fine balance if payment more than 90 days late.

2.  Recordation of a **LIEN** shall have the same force and effect as a tax lien.

3.  Continuous **GARNISHMENT** may apply until your fine is paid.

18 U.S.C. §§ 3612, 3613

    If you **WILLFULLY** refuse to pay your fine, you shall be subject to an **ADDITIONAL FINE** of not more than the greater of $10,000 or twice the unpaid balance of the fine; or **IMPRISONMENT** for not more than 1 year or both.  18 U.S.C. § 3615

RESTITUTION

If you are convicted of an offense under Title 18, U.S.C., or under certain air piracy offenses, you may also be ordered to make restitution to any victim of the offense, in addition to, or in lieu of any other penalty authorized by law.  18 U.S.C. § 3663

APPEAL

If you appeal your conviction and the sentence to pay your fine is stayed pending appeal, the court shall require:

1.    That you deposit the entire fine amount (or the amount due under an installment schedule during the time of your appeal) in an escrow account with the U.S. District Court Clerk, or

2.    Give bond for payment thereof.

18 U.S.C. § 3572(g)

PAYMENTS

If you are ordered to make payments to the U.S. District Court Clerk's Office, certified checks or money orders should be made payable to the Clerk, U.S. District Court and delivered to the appropriate division office listed below:

| | |
|---|---|
| LOUISVILLE: | Clerk, U.S. District Court<br>106 Gene Snyder U.S. Courthouse<br>601 West Broadway<br>Louisville, KY  40202<br>502/625-3500 |
| BOWLING GREEN: | Clerk, U.S. District Court<br>120 Federal Building<br>241 East Main Street<br>Bowling Green, KY  42101<br>270/393-2500 |
| OWENSBORO: | Clerk, U.S. District Court<br>126 Federal Building<br>423 Frederica<br>Owensboro, KY  42301<br>270/689-4400 |
| PADUCAH: | Clerk, U.S. District Court<br>127 Federal Building<br>501 Broadway<br>Paducah, KY  42001<br>270/415-6400 |

If the court finds that you have the present ability to pay, an order may direct imprisonment until payment is made.