UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA,                                              Plaintiff,

v.                                              Criminal Action No. 3:19-cr-95-DJH

JOSEPHINE CROWE,                                              Defendant.

* * * * *

## MEMORANDUM AND ORDER

Defendant Josephine Crowe moves for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), or in the alternative, for release to home confinement. (Docket No. 43, PageID.412) For the reasons set forth below, the Court will deny her motion.

## I.

In 2019, Crowe pleaded guilty to one count of financial-institution fraud and one count of aggravated identity theft. (D.N. 14, PageID.40) The Court sentenced her to 132 months in prison and ordered her to pay restitution in the amount of $3,049,025. (D.N. 23, PageID.94–98) She is currently incarcerated at the Atwood facility, a minimum-security satellite camp to Lexington's Federal Medical Center for Men. (D.N. 43, PageID.414). She has served 32 months of her 132-month sentence. (D.N. 23) Crowe moved for compassionate release in September 2020, arguing that she was at increased risk for COVID-19 complications due to her health. (D.N. 33, PageID.126) The Court denied her motion, finding that the § 3553(a) sentencing factors did not support Crowe's release. (D.N. 42, PageID.411) Crowe filed a second motion for compassionate release on August 4, 2022. (D.N. 43) She again argues that her medical conditions make her eligible for a reduced sentence. (*Id.*, PageID.432) The United

States filed a response opposing the motion (D.N. 46), and Crowe replied.  (D.N. 49)  For the

reasons set forth below, the Court will deny Crowe's second motion for compassionate release.[1]

## II.

Crowe moves for compassionate release under 18 U.S.C. § 3582(c).  (D.N. 43,

PageID.432)  The First Step Act modified § 3852 such that "district courts may entertain motions

filed by incarcerated defendants seeking to reduce their sentences."  *United States v. Hayes*, No.

16-20491, 2020 U.S. Dist. LEXIS 244110, at *2 (E.D. Mich. Dec. 30, 2020) (citing *United

States v. Jones*, 980 F.3d 1098, 1100 (6th Cir. 2020)).  "Now, an imprisoned person may file a

motion for compassionate release after (1) exhausting the BOP's administrative process; or (2)

thirty days after the warden received the compassionate release request—whichever is earlier."

*Jones*, 980 F.3d at 1105 (citing First Step Act of 2018, 115 Pub. L. 391, 132 Stat. 5194, 5239; 18

U.S.C. § 3582(c)(1)(A) (2020)).

Upon finding that it may consider a defendant's motion, the Court "must engage in a

three-step inquiry."  *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (internal quotation

marks omitted).  It first determines "whether 'extraordinary and compelling circumstances

warrant' a sentence reduction."  *Jones*, 980 F.3d at 1107–08 (quoting § 3582(c)(1)(A)(i)).  It then

asks "whether 'such a reduction is consistent with applicable policy statements issued by the

Sentencing Commission.'"  *Id.* at 1108 (quoting § 3582(c)(1)(A)) (internal alterations omitted).

Given the "absence of an applicable [Sentencing Commission] policy statement for inmate-filed

compassionate-release motions," *Elias*, 984 F.3d at 519, federal judges considering such motions

---

[1] Crowe additionally requests release to home confinement if the Court does not grant
compassionate release.  (D.N. 43)  But "the home-confinement statutes, 18 U.S.C. § 3624(c) and
34 U.S.C. § 60541(g), do not contain any provision for judicial review."  *United States v.
Calloway*, No. 3:07-cr-25-crs, 2021 U.S. Dist. LEXIS 1073, at *4 (W.D. Ky. Jan. 5, 2021)
(collecting cases).  The Court thus lacks authority to grant the requested relief to the extent
Crowe seeks home confinement.

"may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling.'" *Jones*, 980 F.3d at 1111. Third, the Court considers "any applicable § 3553(a) factors and determine[s] whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case." *Id.* at 1108 (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)); *see* § 3582(c)(1)(A). If each of § 3582(c)(1)(A)'s requirements is met, "the district court 'may reduce the term of imprisonment,' but need not do so." *Elias*, 984 F.3d at 518 (quoting § 3582(c)(1)(A)). Alternatively, "district courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *Id.* at 519.

### III.

#### A.    Exhaustion of Administrative Remedies

A defendant may move for compassionate release after she "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf." 18 U.S.C. § 3582(c)(1)(A); *United States v. Pegram*, 843 F. App'x 762, 763 (6th Cir. 2021). The parties do not dispute that Crowe has exhausted her administrative remedies, so the Court proceeds to the merits. (D.N. 43-1, PageID.438; D.N. 46, PageID.562)

#### B.    Extraordinary and Compelling Reasons

The Court next considers whether there are "extraordinary and compelling reasons" that justify a sentence reduction. *Jones*, 980 F.3d at 1107–08. "[D]istrict courts have discretion to define 'extraordinary and compelling' on their own initiative." *Elias*, 984 F.3d at 519–20. The Sixth Circuit has cited with approval a two-factor test for determining "when the concern of contracting COVID-19 becomes an extraordinary and compelling reason for compassionate

3

release." *United States v. Colbert*, No. 3:10-cr-151-TBR, 2022 U.S. Dist. LEXIS 109388, at *9 (W.D. Ky. June 20, 2022) (citing *Elias*, 984 F.3d at 520)).    Under this test, the Court first determines whether the defendant is "at high risk of having complications from COVID-19." *Id.* at *10.    It then asks whether "the prison where the defendant is held has a severe COVID-19 outbreak." *Id.*

Crowe argues that her medical conditions—shingles, obesity, hypertension, atrial fibrillation, and asthma—put her at high risk of complications from COVID-19.    (D.N. 43, PageID.419–23)    According to the Centers for Disease Control, an individual with hypertension and obesity is "more likely to get very sick from COVID-19." *People with Certain Medical Conditions*, Centers for Disease Control and Prevention (updated Sept. 2, 2022); *see also United States v. Ford*, No. 5:15-CR-23-1-TBR, 2021 U.S. Dist. LEXIS 69759, at *9–10 (W.D. Ky. April 12, 2021) (citing CDC findings that hypertension is one of the three most common comorbidities among COVID-related fatalities); *id.* at *10 (citing CDC data finding that "individuals who are obese (BMI of 30 or above) are among those with the 'strongest and most consistent evidence' of severe illness from COVID").    Crowe's medical records confirm her diagnoses of hypertension and obesity.[2]    (D.N. 43-16, PageID.476)    Crowe therefore satisfies the first prong of the test, as her diagnosed medical conditions put her at a "high risk of having

---

[2] Crowe's medical records also confirm that she is currently diagnosed with shingles, atrial fibrillation, and asthma.  (D.N. 43-16, PageID.476)  According to the CDC, shingles and atrial fibrillation do not put an individual at elevated risk of COVID complications.  *See People with Certain Medical Conditions*.  Asthma, however, does put an individual at higher risk, but only if it is "moderate to severe." *Id.*  This Court has declined to find that asthma satisfies the first *Elias* prong if the defendant's medical records do not indicate that the asthma is moderate to severe.  *See, e.g.*, *Calloway*, 2021 U.S. Dist. LEXIS 1073, at *8; *see also United States v. Henderson*, No. 5:15-CR-8-TBR, 2021 U.S. Dist. LEXIS 69758, at *8–9 (W.D. Ky. April 8, 2021).  Accordingly, because Crowe's medical records do not indicate that her asthma is moderate to severe, the Court finds that her asthma does not satisfy the first prong of the *Elias* test.  (D.N. 43-16, PageID.476)

complications from COVID-19." *Colbert*, 2022 U.S. Dist. LEXIS 109388, at *10 (citations omitted).

Under the second prong, the Court determines whether "the prison where the defendant is held has a severe COVID-19 outbreak." *Id.* Crowe is incarcerated at Atwood, the minimum-security satellite camp near Lexington FMC. (D.N. 43, PageID.414)  The Bureau of Prisons currently reports three positive cases at the Lexington facility, including one inmate and two staff members.[3]  "This low number of reported cases is not the type of severe outbreak that would give rise to extraordinary and compelling reasons for compassionate release." *United States v. Melesio,* No. 5:11-cr-00048 (TBR), 2022 U.S. Dist. LEXIS 116697, at *9 (W.D. Ky. June 30, 2022) (denying compassionate release when the BOP reported two positive cases among inmates and eight positive cases among staff); *see also United States v. Haas*, No. 6:17-cr-00037-GFVT-HAI-1, 2021 U.S. Dist. LEXIS 75689, at *4 (E.D. Ky. Apr. 16, 2021) (finding a BOP facility had a low number of cases with "three infected staff members and zero cases amongst prisoners").  The Court therefore cannot find that Crowe's medical conditions, in combination with the ongoing pandemic, qualify as extraordinary and compelling reasons for compassionate release.[4]  *Melesio*, 2022 U.S. Dist. LEXIS 116697, at *9; *see Elias*, 984 F.3d at 518

---

[3] Federal Bureau of Prisons, *COVID-19 Cases*, COVID-19 Coronavirus (updated Nov. 7, 2022, at 3:00 p.m.), https://www.bop.gov/coronavirus/.

[4] Crowe contends that the data provided by the Bureau of Prisons is misleading because it includes the number of positive cases at both the satellite camp where Crowe is incarcerated (with 224 inmates) and the nearby men's facility (with 1097 inmates).  (D.N. 43, PageID.414)  Crowe argues that even a handful of positive cases at the satellite camp results in a much higher infection rate than what is reported because the population there is so small.  (*Id.*)  In other words, Crowe contends that the reported infection rate is diluted when data from Crowe's facility is combined with data from the men's facility.  (*Id.*)  Even if this is true, however, the BOP currently reports only one positive case among inmates at both facilities, so the Court need not consider the breakdown of cases between facilities.

(extraordinary and compelling circumstances exist when an inmate has a serious medical condition at a BOP facility with a severe COVID outbreak).

Crowe further argues that her situation qualifies as extraordinary and compelling because she is at heightened risk of COVID-19 due to her unvaccinated status (D.N. 43, PageID.413), and she is not receiving adequate medical care from BOP.  (*Id.*, PageID.421–23)  The Court finds neither argument persuasive.  The Atwood facility offered Crowe the COVID-19 vaccine, but she declined to receive it on the ground that she "was not comfortable taking a vaccine that she could not confirm would not interact with her present meds or heart condition."  (*Id.*, PageID.413)  Crowe may not refuse the vaccine and then argue that not being vaccinated is grounds for her release.  *See United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021) (noting that "a defendant's incarceration during the Covid-19 pandemic—when the defendant has access to the Covid-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction" because "for people living in close quarters, vaccines offer relief far more effective than a judicial order" (citation omitted)).  Further, despite Crowe's claim that she is not receiving adequate medical care, her own motion details how she has "been to outside consultations eleven (11) times in 2 ½ years"; she was "seen by her Cardiologist at UK [hospital]"; and she was taken "to University of Kentucky (UK) hospital for Pulmonary Vein Isolation Ablation procedure on her heart."  (D.N. 43, PageID.421–23)  The Court therefore agrees with the United States that Crowe's health is "well-managed, and controlled," and her situation is not extraordinary or compelling.[5]  (D.N. 46, PageID.563)

---

[5] On October 4, 2022, Crowe informed the Court that she had been updated to a "Chronic Care Level 2" by prison medical staff.  (D.N. 50-1)  In her motion for compassionate release, Crowe argued that she could not access appropriate medical care because she was categorized as "Level 1" rather than the heightened "Level 2."  (D.N. 43, PageID.422–23)  Crowe's October 4 update further establishes that she is receiving the medical care she needs while incarcerated.

**C.      § 3553(a) Factors**

Even though Crowe is not entitled to compassionate release because she has failed to demonstrate extraordinary and compelling circumstances, the Court will nevertheless weigh the sentencing factors in § 3553(a).  *See United States v. Gaines*, No. 5:96-CR-24-TBR-1, 2021 U.S. Dist. LEXIS 243043, at *11 (W.D. Ky. Dec. 20, 2021) (citation omitted).

Multiple § 3353(a) factors weigh against Crowe.  First, the government urges the Court to consider the "catastrophic and expansive nature of Crowe's long-running fraud scheme."  (D.N. 46, PageID.569–70).  For more than four years, Crowe "executed a scheme which defrauded [a credit union] of over $3 million."  (D.N. 18, PageID.65)   As a result of that scheme, the credit union was "rendered insolvent with no prospect for restoring viable operations and was liquidated."  (*Id.*, PageID.66)  The nature and circumstances of Crowe's crime therefore weigh heavily against her release.  *See e.g.*, *United States v. Westine*, No. 21-6099, 2022 U.S. App. LEXIS 10231, at *1 (6th Cir. Apr. 14, 2022); *United States v. Tahir*, No. 20-1971, 2021 U.S. App. LEXIS 9461, at *4–5 (6th Cir. Mar. 31, 2021) (finding that the district court did not abuse its discretion in denying compassionate release to a defendant who "played an integral role in a large-scale . . . fraud scheme that lasted" several years).   Additionally, Crowe has served approximately 34 months, or less than 26 percent, of her 132-month sentence.  (*See* D.N. 23, PageID.94; D.N. 25)  Releasing her at this stage would minimize the seriousness of her offense. *See, e.g.*, *Ford*, 2021 U.S. Dist. LEXIS 69759, at *14 (finding that "releasing Defendant after serving barely 20 percent of his sentence would minimize the seriousness of his crimes"); *United States v. Battle*, No. 3:19-CR-078-CHB, 2021 U.S. Dist. LEXIS 85132, at *11 (noting that "granting the relief requested would undercut the dual goals of promoting respect for the law and

providing just punishment, especially given that the Defendant has only served" 29% of his sentence).

Several § 3553(a) factors do weigh in Crowe's favor: this was her first offense; she was convicted of a non-violent crime; she has had no disciplinary infractions in prison; and she has completed multiple educational and vocational courses during her incarceration.  (D.N. 43, PageID.426–30).  Nevertheless, these factors do not outweigh the expansive nature of Crowe's offense and the length of time remaining on her sentence.  *See, e.g.*, *United States v. Delong*, Nos. 21-3255/3429/3509, 2022 U.S. App. LEXIS 2100, at *10 (6th Cir. Jan. 24, 2022) (affirming the district court's denial of compassionate release despite the defendant's lack of criminal history); *United States v. Thornton*, No. 5:16-CR-00017-TBR, 2020 U.S. Dist. LEXIS 72595, at *6 (W.D. Ky. April 24, 2020) (denying a request for release despite defendant's non-violent offender status and lack of disciplinary record); *Gaines*, 2021 U.S. Dist. LEXIS 243043, at *10 (denying a motion for release despite defendant's "completion of a vast number of educational courses" because, although "[t]he Court applauds Defendants desire to improve himself . . . 'rehabilitation is specifically excluded as an independent basis for compassionate release'") (citing *United States v. Wieber*, No. 3:14-CR-74-TBR, 2020 U.S. Dist. LEXIS 53765, at *7–8 (W.D. Ky. March 27, 2020)).  Therefore, upon consideration of all of the § 3553(a) sentencing factors, the Court finds that release is not warranted.  *See Tahir*, 2021 U.S. App. LEXIS 9461, at *4–5; *Ford*, 2021 U.S. Dist. LEXIS 69759, at *14; *Delong*, 2022 U.S. App. LEXIS 2100, at *10; *Thornton*, 2020 U.S. Dist. LEXIS 72595, at *6; *Gaines*, 2021 U.S. Dist. LEXIS 243043, at *10.

**IV.**

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** that Crowe's motion for compassionate release (D.N. 43) is **DENIED**.

November 8, 2022

David J. Hale, Judge
United States District Court